# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,   )
                            )
    Plaintiff,             )   Case No.: 2:12-cr-00004-APG-GWF
                            )
vs.                         )
                            )
                            )   **ORDER**
JORDAN GEORGIEVSKI,         )
                            )
    Defendant.             )
_____)

This matter is before the Court on Defendant's Motion for Court Ordered Fingerprint and DNA Testing and Analysis (ECF No. 1352), filed on February 17, 2017. The Government filed an Opposition (ECF No. 1355) on March 3, 2017 and Defendant filed a Reply (ECF No. 1358) on March 10, 2017. The Court conducted a hearing in this matter on March 17, 2017.

## BACKGROUND AND DISCUSSION

Defendant, a resident of Skopje, Macedonia, is charged in an Indictment of being a vendor in the Carder.su Organization and allegedly used the username "Devica" in order to produce and sell counterfeit credit cards and holograms since October 1, 2008. *See generally Indictment* (ECF No. 1). Defendant allegedly obtained orders through Carder.su and then shiped those orders to his customers. On March 20, 2009, Customs and Border Patrol (CBP) agents confiscated and inspected a package that was shipped from Skopje, Macedonia by "Dimitar Jordanov" to an apartment in Miami, Florida.[1] The shipping label stated that the package contained a "Picture Frame (Gift)" and when the CBP agents opened the package, they in fact found a frame. However, when the CBP agents removed the back of the frame, they uncovered 27 counterfeit credit cards with misspellings that were identical to the postings made by Devica on Carder.su. On January 5,

---

[1] "Dimitar Jordanov" was one of the fake names Devica used on counterfeit credit cards as advertised on Carder.su. *Opposition* (ECF No. 1355), pg. 2.

2011, a Secret Service agent who contacted Devica in his undercover capacity, received a package that contained seven counterfeit cards pursuant to their transaction. *Id.* These packages remain in the Governments possession and have not been tested for fingerprints or DNA.

Defendant now seeks an order from the Court directing the Government to test the two packages in their possession for fingerprints and DNA and then to compare those results to that of Defendant as well as anyone else in their databases. Defendant—who maintains that he is not Devica—believes that his fingerprints and DNA will not be on the packages. He believes this would be exculpatory evidence necessary to his defense and the Government should be required to obtain it. The Government contends that there is no legal basis or authority for his request. Moreover, the Government has offered to make the packages available to Defendant, subject to certain protocol relating to the chain of custody, for him to perform the testing he requests.

The Court is not inclined to grant Defendant's request. As an initial matter, the Court notes that it generally cannot order a United States Attorney to conduct an investigation or initiate a prosecution because it would violate the doctrine of separation of powers. *Ross v. United States Attorney's Office*, 511 F.2d 524 (9th Cir. 1975), cert. denied, 423 U.S. 831, 96 S.Ct. 52, 46 L.Ed.2d 49 (1975); *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2nd Cir. 1975); *United States v. Cox*, 342 F.2d 167 (5th Cir. 1965), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). Despite this explicit principle, Defendant argues that the Court has discretion to order the Government to conduct the requested identification procedures. Defendant cites to *Berryman v. United States*, 378 A.2d 1317 (D.C. App. 1977) and *United States v. Kennedy*, 450 F.2d 1089 (9th Cir. 1971) to support his proposition. Defendant's reliance on these cases is inapposite. Both cases deal with situations where the defendant sought to compel a pre-trial lineup. In *Berryman*, the court found that a trial court has discretion to order an out-of-court lineup when it deems it to be appropriate. 378 A.2d at1320. Such a situation would be when there is "a reasonable likelihood of a mistaken identification which a lineup would tend to resolve." *Id.* It is clear that the court's holding in *Berryman* dealt with its concern with the reliability of eyewitness identification of a defendant that lead to his prosecution. Unlike *Berryman* where the defendant was identified solely by his victim's eyewitness identification, here the Government does not intend

on identifying and proving Defendant's guilt solely based on the two packages. *Opposition* (ECF No. 1355), pgs. 8-9. Rather, they are just two pieces to a very large puzzle that the Government must put together to show Defendant's guilt. If the Government determines that it wants to conduct DNA and fingerprint analysis on the two packages, it may do so. However, it is not the Court's place to order such an investigation.

Defendant also argues that the Court should apply the standards set forth in the Innocence Protection Act (IPA), 18 U.S.C. § 3600, in determining whether it should order the Government to conduct the DNA and fingerprint analysis. Once again, the Court is not inclined to grant Defendant's request. Congress enacted the IPA to aid in the exoneration of wrongfully convicted defendants where the perpetrator's DNA was left at crime scenes. *United States v. Watson*, 792 F.3d 1174, 1177 (9th Cir. 2015) (discussing the Act in detail). The plain language of the IPA states that it can only be applied in post-conviction proceedings and provides no legal standing to criminal defendants who have not been convicted. *Ogata v. United States*, 2015 WL 8492024, at *5 (D. Haw. Dec. 10, 2015). As a result, the standards discussed by the IPA likewise apply only to post-conviction proceedings and the Court will not apply them here.

Finally, Rule 16 of the Federal Rules of Criminal Procedure is also pertinent here. Under Rule 16, Defendant is entitled to "inspect and to copy or photograph...tangible objects...if the item is within the government's possession, custody, or control" and if "the item is material to preparing the defense" or "the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E). The Government has made these two packages available for Defendant to inspect and have the requested testing done. Therefore, the Government asserts that it has met its obligation under Rule 16 and is not required to do anything further. The Court agrees.

For the reasons set forth above, the Court will deny Defendant's request to compel the Government to conduct fingerprint and DNA analysis on the two packages. Defendant may contact the Government and arrange to obtain possession of the two packages so that he may conduct the requested testing. Thereafter, Defendant may compare any results he obtains against his own

fingerprints and DNA.[2]  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Court Ordered Fingerprint and DNA Testing and Analysis (ECF No. 1352) is **denied**.

DATED this 12th day of April, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[2] Defendant also argues that the Government should be required to conduct the testing because he is not able to compare the results to the databases the Government has access to. This argument is unpersuasive. Defendant can run the testing he requests and compare those results to his own DNA and fingerprints. This would provide Defendant with the evidence he seeks, namely: that his DNA and fingerprints were or were not on the packages. Proving that another identified person's DNA or fingerprints are on the packages would not disprove the charges against Defendant.