# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-cr-0004-APG-GWF |
| Plaintiff, | |
| vs. | **ORDER REGARDING EXPERT DISCLOSURES AND GRANTING GOVERNMENT'S MOTION IN LIMINE** |
| JORDAN GEORGIEVSKI, | |
| Defendant. | (ECF No. 1422) |

The Government moves in limine to preclude testimony from three defense witnesses as experts because defendant Jordan Georgievski did not properly disclose them. ECF No. 1422. I conducted oral argument on that motion over two days. I now grant that motion in part.

As I stated on the record, Georgievski's disclosure notice (ECF No. 1418) is inadequate under Federal Rule of Criminal Procedure 16. The expert disclosure obligations of Rule 16 were triggered, at a minimum, by the parties' stipulation "to exchange expert disclosures" by September 22, 2017. ECF No. 1410. Georgievski's counsel responds that he entered into that stipulation by mistake, and he is not required to make any expert disclosures at this time. Rather, he contends Georgievski can wait until after the Government rests its case before disclosing, because only then will he know whether he intends to put on a case-in-chief, let alone call these experts as witnesses.

Georgievski's interpretation of Rule 16 would read that rule out of existence. Allowing a defendant to avoid disclosure until just before putting on a case would also frustrate the purposes of the rule.

> The purpose of the expert disclosure requirement is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances,

1

and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16, advisory committee's note to 1993 amendment. Indeed, "[w]ith increased use of both scientific and nonscientific expert testimony, one of counsel's most basic discovery needs is to learn that an expert is expected to testify." *Id.*

*United States v. Ulbricht*, 858 F.3d 71, 114 (2d Cir. 2017). Late disclosure also interferes with the court's ability to make thoughtful and proper rulings under *Daubert*. "The district court cannot perform that complex evaluation of an expert's proposed methodology without a clear articulation of what the expert's opinions are and, even more importantly, of the bases for those opinions." *Id.* at 116. If the information is not disclosed until trial, the district judge likely would have to recess the trial to conduct *Daubert* hearings on each expert, delaying and disrupting the flow of the trial and imposing potentially significant time burdens on the jury. Georgievski's interpretation of Rule 16 is not reasonable. *See also United States v. Holmes*, 670 F.3d 586, 598 (4th Cir. 2012) (disclosure three days before trial was untimely and prejudicial to the government).

For the reasons stated on the record during the hearings on the Government's motion (and the reasons discussed above), the motion in limine **(ECF No. 1422) is GRANTED IN PART**. The trial for this case is scheduled to begin on January 8, 2018. Both sides are to make expert disclosures that comply with Rule 16 no later than 30 days before that trial, that is, by December 8, 2017.

DATED this 20th day of October, 2017.

**ANDREW P. GORDON**
**UNITED STATES DISTRICT JUDGE**

2