

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-cr-0004-APG-GWF |
| Plaintiff, | |
| vs. | ORDER REGARDING EXPERT DISCLOSURES AND GRANTING GOVERNMENT'S MOTION IN LIMINE |
| JORDAN GEORGIEVSKI, | |
| Defendant. | (ECF No. 1497) |

I previously ruled that the expert disclosures provided by defendant Jordan Georgievski were inadequate under Federal Rule of Criminal Procedure 16. ECF No. 1442. I granted Georgievski additional time to make expert disclosures that comply with Rule 16. On December 8, 2017, he filed new disclosures. Unfortunately, the disclosures regarding Leon Mare and William Oettinger still do not satisfy Rule 16. Thus, the government now moves to exclude those two witnesses from testifying at trial. ECF No. 1497.

A defendant's expert disclosure "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). Georgievski's disclosure regarding Mare states:

> Mr. Mare may testify as to his analysis and evaluation of the forensic evidence and external media discovery received from the Government relative to the Carder.su case. It is anticipated that if he testifies, it would be in response to or in contradiction of the Government witness' assertions, interpretations, explanations or conclusions regarding the Government's Electronically Stored Information (ESI) introduced as evidence against Georgievski at trial.

ECF No. 1486 at 1. The disclosure regarding Oettinger is similarly vague:

> Mr. Oettinger may testify as to his analysis and evaluation of the forensic evidence and external media discovery received from the Government relative to

1

the Carder.su case. It is anticipated that if he testifies, it would be in response to or in contradiction of the Government witness' assertions, interpretations, explanations or conclusions regarding the Government's Electronically Stored Information (ESI) introduced as evidence against Georgievski at the trial.

*Id.* at 2. These disclosures indicate that each expert has conducted an "analysis and evaluation" of evidence, but they fail to set forth each expert's "opinions [and] the bases and reasons for those opinions" as required by Rule 16(b)(1)(C). The government is given nothing to help it prepare for cross-examination, and I am given nothing to help me determine whether these experts can satisfy the *Daubert* standard.

Exclusion of witnesses is not the preferred remedy for violations of a discovery rule. *United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002). In assessing the appropriate sanction, I must consider the "decisive value" of the evidence, and whether "the omission was willful and motivated by a desire to obtain a tactical advantage." *Id.* (citations omitted). Here, it is unclear how decisive the experts' testimony would be because Georgievski has not disclosed what they would testify about. To the extent Georgievski's experts intend to contradict the government's experts (*see* ECF No. 1486 at 1-2), they likely can advise Georgievski's counsel how to cross-examine the government's experts, somewhat reducing the prejudice if they are excluded from testifying. Moreover, Georgievski's repeated failure to comply with this disclosure obligation appears tactical; I previously ruled that his disclosures were inadequate and he did nothing to remedy the defects. Nevertheless, I will give Georgievski one last chance to make proper expert disclosures. Georgievski shall serve revised expert disclosures regarding Mare and Oettinger by 5:00 p.m. PST on January 2, 2018.[1] Should those disclosures not satisfy Rule 16, Mare and Oettinger will not be permitted to testify at trial.

---

[1] While this is a short deadline and may require Georgievski and his counsel to work over the holiday, it is of their own doing. The trial was continued most recently in part because of Georgievski's improper expert disclosures. Georgievski has repeatedly stated he does not want another trial continuance, and further delay of disclosures further prejudices the government's ability to prepare for trial.

2

IT IS THEREFORE ORDERED that the government's motion **(ECF No. 1497) is GRANTED IN PART**. Georgievski shall serve expert disclosures regarding Mare and Oettinger that comply with Rule 16 no later than **5:00 p.m. PST on January 2, 2018**. Should those disclosures not satisfy Rule 16, Mare and Oettinger will not be permitted to testify at trial.

DATED this 28th day of December, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE